IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHERRY L. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-02764-JTF-tmp |
| | ) | |
| COUNCIL ON QUALITY | ) | |
| & LEADERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND DISMISSING CASE**

Before the Court is Defendant Council on Quality and Leadership's Motion to Dismiss, filed on February 13, 2019. (ECF No. 19.) Plaintiff Sherry Taylor filed her Response opposing Defendant's Motion on February 26, 2019, to which Defendant filed its Reply on March 11, 2019. (ECF Nos. 23 & 26.) Pursuant to Administrative Order 2013-05, this case, including Defendant's Motion, was referred to the Magistrate Judge for management of all pretrial matters. On April 25, 2019, the Magistrate Judge issued a Report and Recommendation suggesting that this Court grant Defendant's Motion. (ECF No. 32.) Plaintiff then filed her May 9, 2019 Motion to Oppose Recommendation to Dismiss (*i.e.*, Objections), to which Defendant filed its Reply in opposition on May 21, 2019. (ECF Nos. 33 & 34.)

For the following reasons, the Court finds that it should ADOPT the Magistrate's Report and Recommendation and, thus, GRANT Defendant's Motion to Dismiss and DISMISS this case.

## **FINDINGS OF FACT**

In their Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 32, 1–4.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions."

*Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. Moreover, "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Thus, objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## ANALYSIS

As an initial matter, the Magistrate Judge determined that Defendant's Motion should not be converted into a Fed. R. Civ. P. 56 Motion but, instead, considered pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 32, 4–5.) This Court agrees, as the matters outside the pleadings before this Court that are relied on by the parties—docket entries from the Equal Employment Opportunity Commission and Bankruptcy Court—are public records or otherwise appropriate for the taking of judicial notice. *See Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862–63 (N.D. Ohio 2013); *Hamlin v. Baptist Mem'l Hosp.*, No. 2:09-cv-2615, 2011 U.S. Dist. LEXIS 25708, at *6–7 n.1 (W.D. Tenn. Jan. 27, 2011), *adopted by*, 2011 U.S. Dist. LEXIS 25876.

<u>Judicial Estoppel</u>

The Magistrate Judge also recommends that this Court dismiss this action on the basis of judicial estoppel. (ECF No. 32, 13.) More specifically, the Magistrate considered the guiding factors of judicial estoppel and found that all three favored invoking the doctrine. (ECF No. 32, 7–13.) This Court agrees. First, Plaintiff assumed a position here contrary to the one she asserted

under oath in her January 12, 2017 bankruptcy proceedings because she never mentioned her instant employment dispute (initially or by amendment) despite the fact that she filed an EEOC charge for the same dispute in July 2017 and the bankruptcy action was not dismissed until December 7, 2017. *Newman v. Univ. of Dayton*, 751 F. App'x 809, 814 (6th Cir. 2018) ("[J]udicial estoppel may bar employment-related claims where the plaintiff has failed to disclose as an asset in a bankruptcy proceeding either the existence of such a claim or income derived from the employment relationship at issue."). Second, the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition when it adopted and kept intact a May 12, 2017 repayment plan that did not contemplate the contingent employment dispute seen in Plaintiff's July 2017 EEOC Charge. *Compare Cruse v. Sun Prods. Corp.*, 221 F. Supp. 3d 990, 996 (W.D. Tenn. 2016), *with* ECF No. 19-2, 69. Third, Plaintiff's omission did not result from mistake or inadvertence because Plaintiff had knowledge of the claim by virtue of the July 2017 Charge as well as a motive to conceal the claim because it is always in a Chapter 13 petitioner's interest to minimize income and assets. *Paul v. Hewlett Packard Enter.*, No. 16-11965, 2017 U.S. Dist. LEXIS 136458, at *6 (E.D. Mich. Aug. 25, 2017); *Harrah v. DSW Inc.*, 852 F. Supp. 2d 900, 905 (N.D. Ohio 2012). Moreover, Plaintiff cannot establish a lack of bad faith by arguing that she did not know that she was required to disclose the employment dispute or that she consulted with an employment attorney who advised her that she was under no obligation to disclose the dispute until she filed a lawsuit. *Payne v. Cent. Def. Servs.*, No. 11-2664-JPM-tmp, 2013 U.S. Dist. LEXIS 108893, at *17 (W.D. Tenn. June 13, 2013), *adopted by*, 2013 U.S. Dist. LEXIS 108459; *see White v. Wyndham Vacation Ownership*, Inc., 617 F.3d 472, 483–84 (6th Cir. 2010).

Objections

Lastly, Plaintiff's Objections to the Report and Recommendation are not well-taken because they are too general in nature and/or reiterations of the original arguments raised in her response to Defendant's Motion to Dismiss, (*compare* ECF No. 33, *with* ECF No. 23, 1–5). "'Objections disput[ing] the correctness of a magistrate's recommendation but fail[ing] to specify the findings believed [to be] in error' are too general" for consideration by this Court. *Spencer*, 449 F.3d at 725 (6th Cir. 2006) (quoting *Currie*, 50 F.3d at 380). Objections should not restate arguments already considered." *United States v. Ardd*, No. 2:16-cr-20094-SHM, 2017 U.S. Dist. LEXIS 150962, at *5 (W.D. Tenn. Sept. 18, 2017). When objections reiterate arguments already determined, as opposed to specifically objecting to aspects of a report and recommendation, courts do not reanalyze such claims, at least where the report and recommendation is well-reasoned, well-supported, and fully addresses the arguments raised, as to do so would be cumulative and unwarranted. *United States v. Jenkins*, No. 1:13-cr-89, 2015 U.S. Dist. LEXIS 30403, at *4–5 (E.D. Tenn. Mar. 12, 2015).

Here, Plaintiff submits that the Magistrate Judge generally erred in recommending that this Court dismiss Plaintiff's claim. Plaintiff, at best, appears to argue that the Magistrate Judge's analysis of judicial estoppel was too inflexible, as Plaintiff's innocent intent, ignorance of the relevant law, and the mistakes of her attorney should prevent application of judicial estoppel here, as a matter of equity. (ECF No. 33.) As noted by Defendant, Plaintiff's Objections "do[] not include any new argument that w[as] not set forth in her Opposition to Defendant's Motion to Dismiss[,]" let alone arguments clear enough to enable this Court to discern those issues that are dispositive and contentious. Further, as seen above, the Court finds that the Magistrate Judge's Report and Recommendation is well-reasoned, well-supported, and fully addresses the arguments

raised by Plaintiff. Thus, Plaintiff's failure to specify the findings she believes to be in error, without pointing to reiterations of arguments fully and properly considered by the Magistrate Judge, results in overly-general or otherwise invalid objections that do not satisfy the objection requirement. *Spencer*, 449 F.3d at 725.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **GRANT** Defendant's Motion to Dismiss and, accordingly, **DISMISSES** this action in its entirety.

**IT IS SO ORDERED** on this 28th day of May 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge